# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JONATHAN MIGHT,

    Plaintiff,

vs.

IRVIN BLAKE, et al.,

    Defendants.

Case No. 2:10-CV-01472-RLH-(LRL)

**ORDER**

       Plaintiff commenced this action in the Eighth Judicial District Court of the State of Nevada, and defendants have removed it to this court. The court has reviewed plaintiff's complaint. The court finds that plaintiff has not stated a claim in his two counts that allege violations of the Constitution of the United States. The court will dismiss those counts, and the court will remand the action to state court for further proceedings on plaintiff's state-law claims.

       After defendants removed the action, plaintiff filed an opposition to defendants' notice of removal, and motion to strike all pleadings and related motions (#5). First, plaintiff argues that removal was improper because he had not served defendants with process; defendants removed the action after a state-court employee mailed a copy of plaintiff's pleadings and motions to counsel for defendants. Formal service of process is not necessary for removal of an action to federal court. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service <u>or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b) (emphasis added). Second, plaintiff argues that he did not commence this action pursuant to 42

1  U.S.C. § 1983, and that he did not allege any violations of the federal constitution.  The complaint
2  itself belies plaintiff's argument.  Counts 4 and 5 are claims that defendants violated the First,
3  Eighth, and Fourteenth Amendments, along with state-law claims.  The statute that authorizes a
4  person to claim that a defendant acted under color of state lat to violate the person's federal
5  constitutional is 42 U.S.C. § 1983.  Plaintiff's arguments are not grounds for remanding this action.
6         Nonetheless, the court will remand the action because counts 4 and 5 also fail to state
7  claims upon which relief can be granted.  When a "prisoner seeks redress from a governmental
8  entity or officer or employee of a governmental entity," the court must "identify cognizable claims
9  or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,
10 malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief
11 from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  Rule 12(b)(6) of the
12 Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim
13 upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question
14 of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  In
15 considering whether the plaintiff has stated a claim upon which relief can be granted, all material
16 allegations in the complaint are accepted as true and are to be construed in the light most favorable
17 to the plaintiff.  Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se
18 complainant are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v.
19 Kerner, 404 U.S. 519, 520 (1972) (per curiam).
20         This action arises out of disciplinary proceedings in prison.  Plaintiff was found
21 guilty of unauthorized use of equipment or mail, and possession or sale of intoxicants.  His
22 sanctions were confinement to disciplinary segregation for 90 days; loss of 90 days' credit toward an
23 earlier release; and loss of all visiting privileges for 365 days.  Plaintiff also complains that his
24 fiancee has been banned from ever visiting a facility of the Nevada Department of Corrections.  The
25 federal-law claim in count 4 is that defendants violated the First and Fourteenth Amendments in
26 imposing these sanctions; plaintiff also alleges that he was used as a scapegoat to cover up
27 trafficking by prison staff.  The federal-law claim in count 5 is that defendants violated the First,
28 Eighth, and Fourteenth Amendments by imposing those sanctions and denying him visits with his

fiancee.  Success on these counts would necessarily imply that the loss of credits toward an earlier release were invalid.  Plaintiff must first have those credits restored or accrued through administrative procedures or a writ of habeas corpus before he can bring these claims in a civil rights action pursuant to 42 U.S.C. § 1983.  <u>Muhammad v. Close</u>, 540 U.S. 749, 751-52 (2004); <u>Edwards v. Balisok</u>, 520 U.S. 641, 647-48 (1997).  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).

In the alternative, if the federal-law claims in counts 4 and 5 did not imply the invalidity of the loss of his credits, they would be untimely.  Plaintiff alleges in count 2 that on September 17, 2007, defendant Vare upheld the findings of the disciplinary committee and also informed plaintiff that his fiancee had been banned from ever visiting a facility of the Nevada Department of Corrections.  Plaintiff commenced this action in state court on July 22, 2010.  Because 42 U.S.C. § 1983 does not have its own statute of limitations, a court uses the statute of limitations for personal injury actions of the State in which it is located.  <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985).  In Nevada, the applicable statute of limitations is Nev. Rev. Stat. § 11.190(4)(e), which has a period of limitations of two (2) years.  <u>Perez v. Seevers</u>, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam).  "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim.  A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  <u>Bagley v. CMC Real Estate Corp.</u>, 923 F.2d 758, 760 (9th Cir. 1991) (citations and internal quotations omitted).  Plaintiff knew all the necessary facts by September 17, 2007.  He commenced this action more than two years later, and thus the federal-law claims in counts 4 and 5 would be untimely.

Plaintiff's remaining claims concern issues of state law.  The court declines to exercise its supplemental jurisdiction.  28 U.S.C. § 1367(c)(3).  Consequently, the court will remand this action to state court.  28 U.S.C. § 1447(c).

Defendants have filed a motion for extension of time to respond to complaint (#4).  This motion is moot because the court is remanding the action to state court.

IT IS THEREFORE ORDERED that defendants' motion for extension of time to respond to complaint (#4) is **DENIED** as moot.

1    IT IS FURTHER ORDERED that plaintiff's opposition to defendants' notice of
2 removal, and motion to strike all pleadings and related motions (#5) is **DENIED**.
3    IT IS FURTHER ORDERED that the federal-law claims in counts 4 and 5 of the
4 complaint are **DISMISSED** for failure to state a claim upon which relief can be granted.
5    IT IS FURTHER ORDERED that this action is **REMANDED** to the Eighth Judicial
6 District Court of the State of Nevada.  The clerk of the court shall mail a certified copy of this order
7 to the clerk of the Eighth Judicial District Court.
8    IT IS FURTHER ORDERED that the clerk of the court shall administratively close
9 this action.
10    DATED:   December 24, 2010.

_____
ROGER L. HUNT
Chief United States District Judge